IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-10027-01-WEB |
| | ) |
| DANNY M. GRIFFIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Memorandum and Order**

This matter came before the court on May 6, 2005, for a hearing on the defendant's Motion to Withdraw Guilty Plea (Doc. 20). The court orally denied the motion at the May 6th hearing. This written memorandum will supplement the court's oral ruling.

I. *Background*.

The defendant Danny Griffin was charged with one count of unlawful possession with intent to distribute 200 grams of a mixture containing crack cocaine. The trial was scheduled to begin on April 12, 2005. On April 8th, the court received notice from defense counsel that the defendant wanted to change his plea to guilty, and the court scheduled a hearing for that purpose for April 11th. At the April 11th hearing, however, the defense informed the court that the defendant did not want to plead guilty and wanted to proceed to trial. The court told the parties that the matter would proceed to trial as scheduled on April 12th.

Later in the day on April 11th, the court was informed by defense counsel that the defendant was

again interested in pleading guilty. The court convened a hearing late in the afternoon of April 11th to determine if Mr. Griffin in fact wanted to plead guilty. The court carefully inquired of Mr. Griffin to make sure he understood what he was doing. Mr. Griffin informed the court, under oath, that he understood what he was doing and that he wanted to plead guilty. *See* Doc. 23 (transcript of Rule 11 hearing).

About a week after pleading guilty, the defendant filed a motion withdraw his plea of guilty. The court subsequently held a hearing on April 22nd. At that hearing, Mr. Griffin told the court he had not really wanted to plead guilty, that he had felt rushed, and that he had not understood the guilty plea. He said he understood that his sentence would be 10 years under the plea, but hadn't been told anything about "points" under the Guidelines and how that could affect his sentence until he spoke with some inmates at the jail. Mr. Griffin also requested that the court give him a new attorney. The court determined at that time that the defendant had not shown any basis for a new attorney, and his request was denied.

Defense counsel told the court at the April 22nd hearing that he had some concerns about the defendant's mental competence due to statements made by the defendant before the April 22nd hearing. The court saw no indication that Mr. Griffin was anything other than competent.[1] The court continued the hearing until May 6, 2005, to permit the Government time to file a response and to allow the parties time to gather any further information they wanted to present to the court.

II. *Mental Competence*. Insofar as any issue about the defendant's mental competence has been raised, the court notes that a defendant is considered competent if he "has sufficient present ability to

---

[1] Although the court has no reasonable cause to believe the defendant is suffering from a mental disease or defect that would render him mentally incompetent, the court granted a defense request on April 27, 2005, to have a psychologist visit Mr. Griffin at the jail in order to evaluate him. Doc. 24.

consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). *See also* 18 U.S.C. § 4241. The court had a chance to talk with Mr. Griffin during the plea hearing and also at the last hearing when he asked the court to replace his attorney. Everything the court has seen indicates the defendant has a rational understanding of the proceedings and -- although he may not have liked Mr. Henderson's advice to him -- he is able to consult with Mr. Henderson with a reasonable degree of understanding and is able to assist in his own defense. The court finds that he was competent at the time of his guilty plea and that he continues to be mentally competent.

III. *Request to Substitute Counsel*. Insofar as the defendant's request to replace his attorney is concerned, a defendant is entitled to the effective assistance of counsel, but he does not have a right to choose his court-appointed counsel. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust [result]." *United States v. Porter*, 2005 WL 1023395 (10th Cir. 2005). "Good cause" requires more than a mere strategic disagreement between a defendant and his attorney; it requires evidence of a total breakdown in communications. *Id*.

The court concluded at the prior hearing -- and it finds again -- that the defendant has not shown good cause for the substitution of counsel.. There is no showing of any breakdown in communication. The evidence shows that defense counsel continues to confer with the defendant and to assist him, and that the defendant is able to communicate with counsel and to assist in the defense.

Insofar as the defendant contends that Mr. Henderson did not adequately advise him before the

guilty plea, the court notes that when a defendant claims he should be allowed to withdraw a guilty plea because of ineffective assistance of counsel, the defendant must show that his counsel's representation fell below an objective standard of reasonableness -- such as by showing that his advice was not within the wide range of competence demanded of attorneys in criminal cases -- and that his counsel's deficient performance affected the outcome of the plea process. *United States v. Carr*, 80 F.3d 413, 417-18 (10th Cir. 1996). The defendant has failed to make any such showing here. At the prior hearing, when the court asked the defendant to explain what he did not understand about the guilty plea, he said he had been under the impression that his sentence would be 10 years and he did not understand anything about "points" under the guidelines until he talked to some other inmates at the jail. During the Rule 11 hearing, however, the court explained, and the defendant said he understood, that the sentence would be determined by the court. The court explained the minimum and maximum penalties, and the defendant said he understood. The court also specifically explained the Guidelines and their potential affect on the sentence, and the defendant said he understood. The court concluded by asking the defendant if there was anything about the plea that he did not understand or that he wanted to ask the court. He said he understood and that he had no questions. Under the circumstances, the defendant has not shown any prejudice relating to his contention that his counsel was ineffective, and the court finds no basis for concluding that he did not have effective assistance of counsel. Accordingly, his argument that he had not been properly advised by his attorney provides no grounds for relief.

IV. *Motion to Withdraw Guilty Plea*. Rule 11(d) provides in part that a defendant may withdraw a plea of guilty prior to sentencing if he can show "a fair and just reason for requesting the withdrawal." The courts have said such motions are to be viewed with favor, and the defendant is to be

given a great deal of latitude. *United States v. Sandoval*, 390 F.3d 1294, 1298 (10th Cir. 2004). As the parties have both noted, the following factors are to be considered in determining whether there is a fair and just reason for allowing withdrawal of a guilty plea: (1) whether the defendant has asserted his innocence; (2) prejudice to the government; (3) delay in filing defendant's motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) whether the plea is knowing and voluntary; and (7) waste of judicial resources. *Sandoval, supra.*

The defendant has not asserted his innocence in this case. The only reason he cites in support of his motion to withdraw the plea is a claim that he did not understand the guilty plea. That claim, however, is contradicted by the record before the court. As for prejudice, there is no evidence of significant prejudice to the Government, although the Government previously arranged to have its witnesses here when the matter was first set for trial. Nor was there any significant delay in filing the defendant's motion. As for inconvenience to the court, re-scheduling the trial at this point would cause some minor disruption to the court's schedule, but not a significant amount. With regard to assistance of counsel, the defendant has had effective assistance of counsel from an experienced defense attorney throughout these proceedings. No showing has been made that counsel's assistance was anything other than competent. Most significantly, the court finds that the defendant's plea was made knowingly and voluntarily. The court went through the plea very carefully with the defendant to make sure that he understood what he was doing, and that he really wanted to plead guilty. The court is satisfied that the defendant's plea was in fact made with a full understanding of the consequences of the plea and that it was voluntary. Lastly, the court notes that a withdrawal of the plea would result in a waste of some judicial resources, primarily due to the expenditure of time and resources in connection with ensuring that the defendant's plea was knowing and voluntary.

After weighing the relevant factors, the court finds that the defendant has not shown a fair and just reason for requesting withdrawal of the guilty plea. The evidence shows that the defendant fully understood what he was doing when he pled guilty and that his decision to plead guilty was voluntary. Accordingly, the motion to withdraw the plea is denied.

V. *Conclusion*.

Defendant's oral request for substitution of counsel is DENIED. Defendant's Motion to Withdraw Guilty Plea (Doc. 20) is likewise DENIED. IT IS SO ORDERED this 6th Day of May, 2005, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge