IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANNY M. GRIFFIN, )<br>)<br>Defendant. )<br>                                                          ) | Crim. Action<br>No. 05-10027-01-WEB |

**Memorandum and Order**

This matter came before the court on the following matters: Defendant's Renewed Motion to Withdraw Plea of Guilty (Doc. 30); Defendant's Motion to Continue Hearing (Doc. 32); and defendant's objections to the Presentence Report. The court ruled orally on these matters at the hearing of June 27, 2005. This written memorandum will supplement the court's oral ruling.

I. *Renewed Motion to Withdraw Plea of Guilty*.

*Background*. On February 8, 2005, defendant Danny Griffin was indicted on one count of unlawful possession with intent to distribute approximately 200 grams of a mixture containing crack cocaine. Doc. 1. An Assistant Federal Public Defender was appointed to represent him. The trial was scheduled for April 12, 2005. Doc. 9. On April 8, the court was notified by defense counsel that the defendant wanted to enter a plea of guilty; a change-of-plea hearing was therefore scheduled for April 11, 2005. When the defendant appeared at the hearing, his counsel informed the court that the defendant had decided he did not want to plead guilty, but wanted to go to trial. The court informed the parties that the matter would proceed to trial the next day as scheduled. The court denied a request by the defense for

a continuance of the trial, finding that the defendant had time to obtain any necessary witnesses and that the court could consider granting a continuance at a later time if it proved necessary. Later in the afternoon of April 11, defense counsel informed the court that the defendant again wanted to plead guilty. Accordingly, the court conducted a Rule 11 hearing late in the afternoon of April 11 at which time the defendant entered a plea of guilty. The court determined that the defendant's plea was made knowingly and voluntarily, with a full understanding its consequences. Doc. 19. The court scheduled the sentencing hearing for June 27, 2005. Doc. 18.

On April 19, 2005, the defendant filed a motion to withdraw his plea of guilty. Doc. 20. At subsequent hearing the court denied the motion, finding the plea had been made knowingly and voluntarily and that the defendant had not demonstrated a fair and just reason for withdrawal of his plea of guilty. The court also denied defendant's request for appointment of new counsel. Doc. 28. On May 10, 2005, the court received a letter from the defendant setting forth his reasons for wanting to withdraw his plea of guilty. Doc. 29. And on June 22, 2005, defense counsel filed a renewed motion to withdraw the plea of guilty and renewed request for appointment of new counsel and a motion for continuance. Docs. 30, 32.

In his renewed motion to withdraw his plea of guilty, the defendant again argues that he did not understand the consequences of pleading guilty. He further argues (for the first time) that he is innocent of the offense because he did not know there was cocaine in the car he was driving. He argues that any prejudice to the Government would be minimal if the court were to grant his request for a trial. Furthermore, defendant has requested new counsel again because, he maintains, the recommended sentence in the Presentence Report is greater than he anticipated, and he says he has lost confidence in his attorney.

*Discussion*.  Defendant's renewed motion to withdraw his guilty plea, and his renewed request for appointment of new counsel, will be denied.  The only significant change from defendant's prior motions is a new assertion that he is not guilty because he did not know there was cocaine in the car.  This new assertion is directly contrary to defendant's sworn statements and answers to the court at the plea hearing.[1]  Under the circumstances -- including all of the factors previously discussed the court relating to the request to withdraw the guilty plea -- the assertion is not sufficient to establish a fair and just reason for withdrawal of the plea of guilty.

The court also finds the defendant has failed to show good cause for appointment of new counsel.  In a letter to the court dated May 10, 2005, the defendant claimed he thought he was going to get a 10-year sentence by pleading guilty and that his attorney "was not completely honest with me in my plea agreement."  Doc. 29.  The defendant pled guilty without the benefit of any plea agreement in this case, and he does not explain how his attorney was less than honest with him.  The court informed the defendant prior to his pleading guilty that it would be up to the court to determine the sentence, and that by pleading guilty he was subjecting himself to a minimum sentence of 10 years and a maximum possible sentence of life imprisonment.  The court specifically asked the defendant if he understood he could get more than the 10-year mandatory minimum sentence in this case, and he said he did.  The court also asked if anyone -- including his attorney -- had made any promises to him about the sentence that he would receive, and he

---

[1] At the change-of-plea hearing, the Government outlined its evidence against the defendant, and the defendant represented to the court that the Government's statement was true. Doc. 26 at p.5.  Similarly, the Petition to Plead Guilty executed by the defendant and his other statements to the court under oath all confirmed that he had knowingly and intentionally possessed the cocaine in the car.  *See is*. at 3; Doc. 19 at 1.

said no. Finally, the court told the defendant at the plea hearing that the court would consider the federal sentencing guideline range in determining the sentence, and he informed the court that his attorney had explained this to him. The court notes that at the sentencing hearing the defendant and defense counsel continued to communicate about the case, and that defense counsel continued to raise issues requested by the defendant. For these reasons and the reasons previously discussed, the court again finds that the motion to withdraw the plea or to substitute counsel should be denied.

II. *Objections to Presentence Report*.

1. *Reckless Endangerment During Flight*. Defendant objects to the 2-level enhancement for reckless endangerment. (¶ 24). He disputes the PSR's finding that he "recklessly created a substantial risk of death or serious bodily injury to another person by fleeing from a law enforcement officer." Defendant points out there is no jury verdict establishing such facts, and he contends basing his sentencing on such a finding would violate his right to due process and his right to confront the witnesses against him.

The enhancement in question applies if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. "Reckless" means that the defendant was aware of the risk created by his conduct and that the risk constituted a gross deviation from the standard of care of a reasonable person. § 2A1.4. The court finds the enhancement for reckless endangerment is appropriate in this case. Under the undisputed facts -- including the facts admitted by the defendant in connection with this change of plea -- engaging in a high-speed flight from the police in an automobile under such circumstances was reckless and created a substantial risk of serious bodily injury to others. Insofar as defendant's objection is based on *Booker* and *Blakely*, the objection is unavailing given that the sentencing guidelines are now advisory in nature.

2. *Criminal History Score* -- Defendant's second objection is an argument for downward departure under Section 4A1.3 of the Guidelines, which provides in part that : "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be appropriate." Defendant notes that his criminal history score includes numerous points for municipal court driving violations, as well as a conviction from when he was 16 years old, and he argues that a criminal history Category of VI (Six) over-states the seriousness of his criminal history.

The court agrees that a criminal history category of VI (Six) substantially over-states the seriousness of the defendant's criminal history. The court notes that many of the defendant's criminal history points result from traffic-related matters. Accordingly, the court will grant a one-level departure and will apply Criminal History Category V (Five) instead of Category VI (Six) in determining the guideline range.

3. *Related Cases* -- Defendant argues that the convictions listed in paragraphs 35, 36, 38 and 39 of the Report are all "related cases" within the meaning of the guidelines and should therefore be counted only as one prior offense, not four separate offenses. He argues there should be a total of 2 criminal history points from these offenses, not 8 points.

The court finds that the offenses in paragraphs 35, 36, 38 and 39 are properly counted as separate offenses because they were all separated by intervening arrests. USSG § 4A1.2, n. 3.

4. *Probation status* -- Lastly, defendant disputes the finding in the PSR that he was on probation at the time of the instant offense. (¶ 42). After examining the records of the municipal court imposing the probation, the court agrees with the defendant that this objection should be sustained. The records do not

reflect the extent of the term of probation imposed. Accordingly, the court will deduct these two points from the criminal history score. Despite this reduction, the defendant would still be subject to a Criminal History Category VI under the guidelines.[2] As stated previously, the court will depart down one criminal history category and will consider the advisory guideline range to be 235-293 months (based on Category V). The court, after considering the advisory guidelines and all other relevant factors, determines that a custodial sentence of 235 months represents the appropriate sentence in this case. The court further concludes that this represents the appropriate sentence for the defendant's conduct even if the defendant were found to be subject to an advisory guideline range of 210-262 months (under Category IV), as defendant argues.

*Conclusion*.

Defendant's Motion to Withdraw Plea of Guilty (Doc. 30) and his Motion to Continue Hearing (Doc. 32) are DENIED. Defendant's objections to the Presentence Report are DENIED IN PART and SUSTAINED IN PART as set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of

---

[2] There was some dispute at the sentencing hearing as to the appropriate Criminal History Category. The court's finding that the defendant's criminal history category over-stated the seriousness of his criminal history was premised upon an understanding that the defendant was subject to a Criminal History Category of VI rather than V. In fact, that premise appears correct because the effect of the court's reduction of 2 criminal history points under § 4A1.1(d) means that 2 points rather than 1 must be included under § 4A1.1(e) for committing the offense within 2 years of release. Thus, under the guidelines the defendant's criminal history score is 13, placing him in Category VI. As the court stated previously, Category VI over-states the seriousness of the defendant's actual history, and the court will therefore depart down one criminal history level to Category V, which the court finds accurately reflects the seriousness of the defendant's criminal history and the likelihood that he will commit future crimes. A further departure to Category IV is not appropriate and would not be warranted under the facts of the case.

Prisons.  IT IS SO ORDERED this  28th   Day of June, 2005, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge