**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DANNY M. GRIFFIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | Case No. 05-10027-01-WEB |
| ) | 06-3243-WEB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

Now before the Court is the timely motion of petitioner Danny Griffin to vacate, set aside or correct his sentence under the provisions of 28 U.S.C. § 2255. Petitioner alleges the following: his guilty plea was not voluntarily or intelligently given; the Court erred by not appointing substitute counsel; ineffective assistance of counsel; and sentencing errors.

I.  Background.

A review of the record reflects that Petitioner was charged with possessing with the intent to distribute over 200 grams of crack cocaine on February 1, 2005. (Doc. 1). On the morning of April 11, 2005, the Court held a change of plea hearing; however, Petitioner changed his mind and stated he wanted to go to trial instead. (Doc. 53 at 2: 2-12). He requested a continuance to get witnesses but the Court denied this finding he could gather his witnesses while the government presented its case. (Doc. 53 at 2: 21 to 4: 17). That same day, Petitioner again changed his mind and elected to enter a plea of guilty without a plea agreement. (Docs. 17, 19, 26). Petitioner

admitted he possessed approximately 238 grams of crack cocaine on February 1, 2005 with the intent to distribute. (Docs. 19, 26 at 3-5).

On April 19, 2005, Petitioner filed a motion to withdraw his plea of guilty. (Doc. 20). On April 22, the Court held a hearing. (Doc. 22). Petitioner claimed he did not understand the guilty plea and he wanted a change of counsel. (Doc. 23 at 16-19). Counsel also raised the issue of Petitioner's competency. (Doc. 23 at 10). The Court continued the hearing until May 6, 2005. (Doc. 23 at 29). On this date, the Court denied Petitioner's request to substitute counsel and withdraw the plea agreement. (Docs. 28, 56). On June 10, 2005, Petitioner filed another motion to withdraw his guilty plea and to change counsel. (Doc. 30). The Court denied this motion as well and sentenced Petitioner to 235 months. (Docs. 33, 35, 54 at 3). Petitioner directly appealed the Court's refusal to allow him to withdraw his guilty plea; however, the Court's decision was affirmed. (Doc. 62). On August 31, 2006, Petitioner made a timely request for relief under 28 U.S.C. § 2255. (Doc. 61).

## II. The voluntary and intelligent nature of the guilty plea.

Petitioner argues his guilty plea was not voluntary because it was coerced. Griffin claims the prosecutor and his attorney coerced him to plea guilty by telling him he had no choice other than to plead guilty and failing to accurately inform him of sentencing possibilities.

On direct appeal, the Tenth Circuit found Petitioner understood the plea and gave it voluntarily. (Doc. 62 at 7). Petitioner did not raise these two issues on direct appeal; however, the government does not raise the issue of procedural bar. The Court will decide the issue on the merits.

"The test for determining the validity of a guilty plea is whether the plea represents a

voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Kramer,* 168 F.3d 1196, 1200 (10th Cir. 1999).

Petitioner's spurious claim is directly contradicted by his own statements. *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) (A defendant's statements at a plea hearing should be regarded as conclusive as to the truth and accuracy in the absence of a believable valid reason justifying departure from the apparent truth of those statements). During the change of plea hearing, the Court specifically asked Petitioner, "[y]ou know you have the right to plead not guilty to any offense charged against you, don't you?" (Doc. 26 at 5). To which Petitioner responded in the affirmative. Petitioner also said no when the Court asked him if "anyone used any force or made any threats promising you to get you to plead guilty?". (Doc. 26 at 11). Petitioner's unsupported claim that the prosecutor and defense attorney coerced him to plea guilty is without merit.

Petitioner next argues that his attorney told him he would get no more than 10 years and he was ignorant of the sentencing possibilities. Once again Petitioner's statements in Court show differently. Twice the Court told Petitioner about the possible range of punishment. (Doc. 26 at 6-7).

> Q. You understand what I'm saying to you about the punishment in this case?
> A. Yes. That by me pleading guilty you can give --
> Q. If you plead guilty you're going to subject yourself to a mandatory minimum punishment of 10 years imprisonment and a maximum possible punishment of life imprisonment, to be followed by a term of supervised release after you get out of prison of five years and a fine of up to $4 million dollars, which may accrue interest if not paid at the time of sentencing. You also understand that if the Court finds you in violation of a supervised release term after get out, that term could be revoked and an additional term of imprisonment of five years might be imposed? Do you understand that's what the possible punishment is in this case?
> A. Yes, I understand that.
> Q. You understand that the minimum punishment is the least you can get?
> A. Yes.
> Q. That doesn't mean not all you can get; that means it's the least you can get.
> A. Yes.

```
        Q. You understand that?
        A. Yes, I understand.
        Q. Did you say yes?
        A. Yes, I understand.
```
(Doc. 26 at 7).

> Representations of the defendant...as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

Petitioner cannot credibly argue now that he did not know the range of potential punishments when he so clearly swore in court to the contrary. Petitioner's choice to plea guilty was voluntary and intelligent and was not the result of coercion, ignorance, or misrepresentation.[1]

### III.  Substitute Counsel.

Petitioner argues the Court erred because it did not appoint new counsel for his direct appeal. Petitioner requested new counsel but the Court denied it finding neither good cause nor ineffective assistance of counsel. (Doc. 56 at 13-16).

A defendant is entitled to effective assistance of counsel but he does not have a right to choose his court appointed counsel. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989).

To warrant a substitution of counsel, the defendant must show good cause, such as a conflict

---

[1] In his traverse, Petitioner resurrects the argument that his plea was not knowing or voluntary because he was confused. This issue was decided by the Tenth Circuit on direct appeal; consequently, the Court will not address it. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (a defendant may not assert issues in a 2255 motion which have been considered on direct appeal).

> of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict. Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney...rather there must be a total breakdown in communications. To prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible.

*United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005) (internal quotations and citations omitted).

First, Petitioner claims his counsel could not effectively argue on direct appeal because the issues involved his own ineffectiveness. This is without merit. The issues Petitioner raised on direct appeal involve the voluntary and intelligent nature of his plea, not the effectiveness of his counsel. See (Doc. 62 at 4) ("[Petitioner] contends that his plea of guilty was not knowing and voluntary because he was under stress, surprised by incriminating testimony from his girlfriend, under at tight deadline to make a decision, and confused during the plea hearing"). As a result, there was no conflict of interest in having Petitioner's trial counsel make these arguments on appeal; consequently, the Court did not err by denying a request for substitute counsel.

Petitioner next argues the Court should have appointed a new lawyer so he could have directly appealed his counsel's ineffectiveness. (Doc. 56 at 13-16). This argument is unpersuasive. Ineffectiveness assistance of counsel claims are properly brought on collateral, not direct appeal. *United States, v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). The Court did not err by denying the request for substitute counsel.

### IV.  Ineffective Assistance of Counsel.

The right to effective assistance of counsel is defined as a two part test in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his attorney's representation fell

below an objective standard of reasonableness. *Id.* at 687-688. Second, Petitioner must show that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"Although we must liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir. 1994) (internal citations omitted). Failure to raise a meritless argument is not ineffective assistance of counsel. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

A.  Counsel acted contrary to client's wishes.

In his traverse, Petitioner argues his counsel was ineffective because he would not remove himself from the case when Petitioner asked him to. This argument is groundless. Petitioner's counsel requested permission to withdraw at his client's request; however, the Court twice denied this motion. (Docs. 23, 56). Petitioner fails to state how this was deficient performance. Petitioner's counsel continued to represent Petitioner because the Court refused counsel's request to withdraw. This claim is baseless and is denied.

B.  Counsel did not negotiate a plea agreement.

Petitioner argues his counsel was ineffective for not negotiating a plea agreement. Petitioner's one sentence argument is unsupported by any facts or reasoning. Petitioner fails to state why his decision to plea guilty without a plea agreement was the result of unreasonable performance

by his attorney or how he was prejudiced by not having a plea agreement. As a result, Petitioner conclusory claim must be denied.

C. Counsel failed to explain the Sentencing Guidelines.

Petitioner argues his counsel was ineffective for failing to inform him of the impact of the Sentencing Guidelines. This claim is contradicted by his sworn statements in court at the change of plea hearing. *Estrada*, 849 F.2d at 1306. Petitioner stated that his counsel had explained the Sentencing Guidelines to him and that he understood how the sentence would be imposed. (Doc. 26 at 8:13 to 9:18). Petitioner's ineffective assistance of counsel claim is conclusory and unsupported; consequently, relief cannot be granted on this basis.

D. Counsel lied to Petitioner to induce a guilty plea.

In a once sentence claim, Petitioner next argues his counsel was ineffective because he lied to Petitioner to induce him to plea guilty. Petitioner does not elaborate on this claim; however, in a different section of his brief, Petitioner states his attorney told him he would receive no more than ten years. The Court will construe this as the misrepresentation at issue; however, an erroneous sentence estimate does not rise to the level of ineffective assistance of counsel. *United States v. Gordon,* 4 F.3d 1567, 1570 (10th Cir. 1993). Petitioner's argument is without merit; consequently, relief cannot be granted on this basis.

E. Counsel failed to challenge the drug quantity.

Petitioner argues his counsel was ineffective for allowing Petitioner to plead guilty to

-7-

possessing the drugs found in the car because those drugs were not his. Once again the record contradicts Petitioner's claim. At the change of plea hearing, Petitioner twice admitted he possessed the drugs found in the car (Doc. 26 at 5: 6-25, 10: 1-3). The truth and accuracy of a Petitioner's sworn statements at a change of plea hearing are "conclusive in the absence of a believable reason justifying" their rejection. *United States v. Bambulas,* 571 F.2d 525, 526 (10th Cir. 1978). Petitioner provides no reasons for this Court to reject his sworn testimony showing he possessed the drugs in the car. Petitioner's unsupported assertion disclaiming ownership of drugs is insufficient to show ineffective assistance of counsel and it is denied.

F. Counsel was ineffective for failing to obtain a continuance prior to the plea hearing.

In his traverse, Petitioner argues his counsel was ineffective for failing to obtain a continuance prior to the plea agreement because Petitioner was confused. The Tenth Circuit has already found Petitioner's plea to have been voluntarily and intelligently given despite his claims of confusion. (Doc. 62). Aside from recycling the confusion argument, Petitioner provides neither a reason why his counsel should have requested a continuance nor an explanation of how the result of the proceeding would have been any different with a continuance. As a result, Petitioner's conclusory claim does not meet either prong of the *Strickland* test and must be denied.

G.  Counsel failed to request a departure.

Petitioner argues his counsel was ineffective for failing to request a downward departure based on lack of guidance as a youth. U.S.S.G. § 5H1.12. This section states: "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds

in determining whether a departure is warranted." Id.  Petitioner's argument is baseless as he cannot show either portion of the *Strickland* test.  Petitioner's counsel decision not to raise this argument was objectively reasonable because it is without merit.  Petitioner can show no prejudice because even had his counsel raised this argument it would not have changed Petitioner's sentence as this factor is not relevant in determining a downward departure.

Petitioner next alleges his counsel was ineffective for failing to argue for a downward departure under section 5K2.20, aberrant behavior.  This section states:

> (b) REQUIREMENTS.- The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.
>
> (c) PROHIBITIONS BASED ON THE PRESENCE OF CERTAIN CIRCUMSTANCES.- The court may not depart downward pursuant to this policy statement if any of the following circumstances are present:
> ...
> (4) The defendant has either of the following: (A) more than one criminal history point...or (B) a prior federal or state felony conviction, or any other significant prior criminal behavior...

U.S.S.G. § 5K2.20.

Petitioner had a criminal history score of 14 points, which included past crimes of battery, battery of a law enforcement officer, and DUI. (Presentence report at 8-11).  According to the above provisions, Petitioner was not eligible for a downward reduction.  His past criminal behavior show the crime for which he was convicted in this court was not a marked deviation from an otherwise law-abiding life.  § 5K2.20(b)(3).  Petitioner also had 14 criminal history points; consequently, the prohibition under § 5K2.20(c)(4)(A) applies.  Because Petitioner is not eligible for a reduction under this provision, his counsel was not ineffective for failing to advance this argument.

H. Counsel failed to argue Petitioner's criminal history was overrated.

Petitioner next argues his counsel was ineffective for failing to argue that his criminal history was overrated. This argument is at odds with the record. Petitioner's counsel's second objection to the presentence report states, "[t]he criminal history score overstates the actual history of Mr. Griffin's past conduct." (Presentence report at 25). In this objection, counsel emphasized Petitioner's youth when he committed past crimes and that most of the convictions were the result of traffic violations. (Id.). Indeed, Petitioner's counsel was successful as the Court sustained his objection and lowered the criminal history score. (Doc. 54 at 6). Petitioner's claim is without any merit and is denied.

I. Counsel failed to request a competency hearing.

Petitioner next argues his counsel was ineffective for failing to request a competency hearing. Once again, Petitioner's claim is contradicted by the record. Petitioner's counsel raised the issue of Petitioner's competency. (Doc. 23 at 10-11). The Court granted a request to have a psychologist visit Petitioner to evaluate him. (Doc. 56 at 6: 14-17). The Court reviewed the evidence in a later hearing and found Petitioner to be competent. (Doc. 56 at 12: 17 to 13: 10). The Court finds counsel's actions to fall within the range of effective assistance; consequently, this claim is denied.

V. Acceptance of Responsibility.

In his traverse, Petitioner argues the Court erred by failing to award him a three level reduction for acceptance of responsibility. This is an argument that should have been raised on

direct appeal. While it is subject to the cause and prejudice standard, the Court will address the merits.

Petitioner received a two level reduction for acceptance of responsibility. (Presentence report at 6); U.S.S.G. § 3E1.1(a). The guidelines state a third level reduction is available upon a motion by the government. U.S.S.G. § 3E1.1(b). The government did not file such a motion; consequently, the Court did not err by not awarding the third level reduction.

## VI. Booker.

In his traverse, Petitioner makes a one sentence argument that his sentence violates the holding in *United States v. Booker*, 543 U.S. 220 (2005). Petitioner's argument is baseless because the Court did not apply the guidelines in a mandatory manner. During the sentencing hearing, the Court specifically stated the sentence was appropriate in light of the facts, circumstances, and the advisory nature of the guideline range. (Doc. 54 at 16); see *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-732 (10th Cir. 2005) (*Booker* error occurs when courts apply the guidelines in a mandatory fashion). Furthermore, Petitioner's argument is conclusory as it is without any legal analysis or factual support. The Court will not grant relief on this basis.

## VII. Evidentiary Hearing.

The district court must hold a hearing on a motion under section 2255, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Petitioner bears the burden of alleging facts, which if proved, would entitle him to relief. *Hatch v. State of Okla.*, 58 F.3d 1447, 1457 (10th Cir. 1995). Conclusory allegations will

not warrant a hearing. *Id.* As discussed earlier, Petitioner's allegations are conclusory and without merit; consequently, the Court denies his request for an evidentiary hearing.

IT IS ORDERED that Defendant's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 61), request for an evidentiary hearing, and a Certificate of Appealability pursuant to 28 U.S.C. § 2253 be DENIED. The Clerk is directed to enter judgment for Respondent.

SO ORDERED this 29th day of November, 2006.

 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge